UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Rhonda Peace | : |
| Plaintiff, | : Civil Action No.: 1:15-cv-585-00177-RJA |
| v. | : |
| One Beacon America Insurance Company, et al. | : |
| Defendant(s), | : |
| Harper Insurance Limited, F/K/A Turegum Insurance Company, Assicurazioni Generali, SPA, | : |
| Third-Party Plaintiff(s), | : |
| v. | : |
| Hedman Resources Ltd., | : |
| Third-Party Defendant(s) | : |

MEMORANDUM OF LAW
IN SUPPORT OF
DEFENDANTS HARPER INSURANCE LIMITED, F/K/A TUREGUM
INSURANCE COMPANY, AND ASSICURAZIONI GENERALI, SPA'S
OPPOSITION TO PLAINTIFF PEACE'S
CROSS-MOTION FOR SUMMARY JUDGMENT

GOLDBERG SEGALLA LLP
Helen Franzese, Esquire
Ronald D. Puhala, Esquire
902 Carnegie Center, Suite 100
Princeton, New Jersey 08540-6530
(609) 986.1334
*Attorneys for Defendants/Third
Party Plaintiffs Harper Insurance
Limited, f/k/a Turegum Insurance
Company, and Assicurazioni
Generali, SPA*

4533637.1

# Table of Contents

PRELIMINARY STATEMENT .................................................................................................1

LEGAL ARGUMENT...................................................................................................................1

    I. THERE WAS NO "FRAUDULENT CONVEYANCE" UNDER N.Y. DEBT. & CRED. LAW § 273(a) (PRESUMED FRAUD)..................................................................1

    II. N.Y. DEBT. & CRED. LAW § 273 IS INAPPLICABLE WHERE HEDMAN WAS NOT INSOLVENT OR MADE INSOLVENT BY THE COMPANIES' SETTLEMENT AGREEMENT.......................................................................................2

        A. The Peace Judgment was not an "Existing Debt" at the Time of the Companies' Settlement with Hedman, and Peace, as a future creditor, has no standing under N.Y. Debt. & Cred. Law § 273............................................................................................2

    III. Even Assuming Coverage Applies, the Companies Allocated Share of the Peace Judgment is Less than $7,000...........................................................................................3

        A. Plaintiff cannot establish financial prejudice. ..........................................................3

    IV. INSURANCE LAW § 3420 DOES NOT ADDRESS HOW TO ALLOCATE DAMAGES ....................................................................................................................... 4

    V. PLAINTIFF HAS FAILED TO ESTABLISH BODILY INJURY DURING THE COMPANIES' POLICY YEAR. .........................................................................................5

    VI. THE COMPANIES' SETTLEMENT PAYMENT TO HEDMAN WAS FOR "FAIR CONSIDERATION" ...........................................................................................................5

        A. The Companies' Settlement Payment was for "Fair Value."...................................5

    VII. PLAINTIFF DOES NOT HAVE A CAUSE OF ACTION UNDER NEW YORK DEBTOR AND CREDITOR LAW § 276 (ACTUAL FRAUD)...............................................7

        A. Plaintiff did not properly plead fraud.......................................................................7

THE LONDON COMPANIES' OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT .............................................................................................................7

    I. NEW YORK'S DIRECT ACTION STATUTE DOES NOT VOID THE COMPANIES' SETTLEMENT AGREEMENT..........................................................................................7

        A. Insurance Law § 3420 does not void the Companies' settlement regarding future unknown claims .....................................................................................................7

CONCLUSION ................................................................................................................................8

4533637.1

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Chen v. New Trend Apparel, Inc.*, 8 Supp.3d 406, 438 (S.D.N.Y. 2014) .........................................7

*Dedvukaj v. Allstate Ins. Co.*,
  175 A.D.2d 1 (1st Dept. 1991), rev'd on other grounds, 80 N.Y.2d 843 (1992).......................8

*Lippe v. Bairnco Corp.*,
  9 Fed. Appx. 274 (2d. Cir 2004)..............................................................................2, 4, 6, 8

*Promenade Nursing Home v. Cohen-Fleisher*,
  983 N.Y.S.2d 205 (N.Y. Sup. Ct. Kings County 2013)...............................................................6

*Shelly v. Doe*,
  671 N.Y.S.2d 803 (3rd Dept. 1998).............................................................................................2

*Standard Chartered Bank v. Kittay*,
  628 N.Y.S.2d 307 (2d. Dept. 1995) ............................................................................................2

*In Re Swan-Finch Oil Corp.*,
  279 F.Supp. 386 (S.D.N.Y. 1967) ..............................................................................................5

**Statutes**

Debtor and Creditor Law § 278(1)(a) ..........................................................................................5, 6

Insurance Law § 3420 ............................................................................................................4, 7, 8

N.Y. Debt. & Cred. Law § 271 ......................................................................................................2

N.Y. DEBT. & CRED. LAW § 273 ...............................................................................................2

N.Y. DEBT. & CRED. LAW § 273(A)..........................................................................................1

NEW YORK DEBTOR AND CREDITOR LAW § 276 ...............................................................7

N.Y. DEBT. & CRED. LAW §§ 273(a) – 275 .............................................................................6

4533637.1

## PRELIMINARY STATEMENT

Defendants Harper Insurance Limited, f/k/a/ Turegum Insurance Company ("Harper"), and Assicurazioni Generali, SPA ("Generali") (collectively "the London Companies" or "Companies"), respectfully submit the following Memorandum of Law in Opposition to Plaintiff Peace's Cross-Motion for Summary Judgment. In the interest of judicial economy the London Companies incorporate by reference their Memorandum of Law in support of their Motion for Summary Judgment and Opposition to Plaintiff Mineweaser's Cross-Motion for Summary Judgment. [1:14-cv-585, Doc. No. 124 and 136].[1] The London Companies make the following additional arguments based on the unique facts in the Peace matter.

## LEGAL ARGUMENT

### I. THERE WAS NO "FRAUDULENT CONVEYANCE" UNDER N.Y. DEBT. & CRED. LAW § 273(A) (PRESUMED FRAUD).

It is not clear if Plaintiff Peace continues to argue that N.Y. Debt. & Cred. Law § 273(a) (presumed fraud) applies to the London Companies. In an abundance of caution, the London Companies observe that Peace filed his asbestos tort complaint on 29 October 2013; approximately, one year after the effective date of London Companies' settlement with Hedman, and nearly one year after the Companies paid the Hedman settlement. The Settlement Agreement was effective 11 October 2012 and payment was made on 6 December 2012. (Feb. 2016 SOMF ¶ 1). Clearly, Hedman was not a defendant in the Peace litigation at the time of the settlement.

---

[1] The London Companies incorporate the entire memorandum of law filed in the Mineweaser action, except, as indicated, regarding pleading deficiency and fraud.

4533637.1

## II. N.Y. DEBT. & CRED. LAW § 273 IS INAPPLICABLE WHERE HEDMAN WAS NOT INSOLVENT OR MADE INSOLVENT BY THE COMPANIES' SETTLEMENT AGREEMENT

### A. The Peace Judgment was not an "Existing Debt" at the Time of the Companies' Settlement with Hedman, and Peace, as a future creditor, has no standing under N.Y. Debt. & Cred. Law § 273.

As discussed more fully in the Mineweaser brief, a debtor is "insolvent" for purposes of § 273 where his assets are "less than the amount that will be required to pay his probable liability on his **existing debts** as they become absolute and matured." N.Y. Debt. & Cred. Law § 271. *(Emphasis added.)* A "probable tort debt," however, is irrelevant to a solvency determination as it is not an "existing debt." See *Shelly v. Doe*, 671 N.Y.S.2d 803, 805-806 (3rd Dept. 1998). See also, *Lippe v. Bairnco Corp.*, 9 Fed. Appx. 274, 282 (2d. Cir 2004)(holding the estimated liability for future asbestos claimants is not an "existing debt" for purposes of § 273).

The Peace judgment was entered on 18 December 2014, over two (2) years after the Companies' 11 October 2012 settlement with Hedman. See Pl Sept 2015 SOMF ¶ 22 [1:15-cv-585-00177-RJA, Doc. No. 42-1]. Accordingly, that judgment (or Hedman's purported inability to pay that judgment) cannot be used to establish Hedman's alleged insolvency at the time of the Settlement Agreement.

Moreover, since Plaintiff became a judgment creditor in December 2014, well after the October 2012 settlement, he has no standing under N.Y. Debt. & Cred. Law § 273. See e.g., *Standard Chartered Bank v. Kittay*, 628 N.Y.S.2d 307, 307 (2d. Dept. 1995)(holding NY Debt. & Cred. Law § 273 "makes no provision for those who become creditors after a fraudulent transfer"); *Hillside Manor Rehabilitation & Extended Care Ctr.*, LLC v. Dallu, 932N.Y.2d 302, 304 (2d. Dept. 2011)(finding "[a]s Debtor and Creditor Law § 273 makes no provision for those who become creditors after the alleged fraudulent transfer the Civil Court should have granted ... partial summary judgment").

2

### III. EVEN ASSUMING COVERAGE APPLIES, THE COMPANIES ALLOCATED SHARE OF THE PEACE JUDGMENT IS LESS THAN $7,000.

#### A. Plaintiff cannot establish financial prejudice.

As discussed more fully in the Mineweaser brief, New York adopts an injury in fact trigger and pro rata by time allocation with regards to asbestos claims. In his opposition brief, Plaintiff Peace merely asserts that he was exposed to Hedman asbestos from 1968 to 1979. Pl. Sept 2015 Br. Pg 26 [1:14-CV-00585-RJA-HKS, Doc. No. 118-3]. There are several fundamental problems with Plaintiff's argument.

First, Plaintiff provides no basis for his contention that he was exposure to asbestos from a Hedman product during the period 1968 to 1979. Although mentioned in Plaintiff's brief, Plaintiff provides no citation to the record in support of the alleged exposure period. Moreover, Plaintiff in his Joint Statement of Material Facts does not assert an exposure period related to Hedman's product. See Pl Sept 2015 SOMF ¶ 21 [1:15-cv-585-00177-RJA, Doc. No. 42-1]. (merely providing "the jury found that Hubert Peace was exposed to Hedman's asbestos fibers" without reference to any time period). There is simply nothing in the record establishing that Mr. Peace was exposed to asbestos from a Hedman product during the Companies' policy years. On this basis alone Plaintiff's motion must be denied.

Second, under New York law Plaintiff must establish "injury in fact" during the Companies' policy years. As discussed, Plaintiff cannot establish exposure from a Hedman asbestos product during the Companies' policy years, let alone bodily injury during that period.

Third, even if Plaintiff could establish bodily injury related to Hedman asbestos during the Companies' policy period and defeat all of the Companies coverage defenses, the London Companies' share of the Peace judgment (assuming *arguendo* such an obligation exists) is less

than $7,000, and may be as little as $1,714.[2] As the London Companies' paid multiples of that amount, their settlement fully funded their potential share of the Peace judgment.

If, under the most favorable allocation to Plaintiff, Plaintiff is entitled to less than $7,000 from the London Companies for the Peace judgment, the $100,000 settlement cannot be a fraudulent conveyance, as a matter of law. For example, in *Lippe, supra.*, 9 Fed. Appx. at 280-282 the Second Circuit held:

> In New York, fraudulent-conveyance liability may not attach absent some prejudice to a creditor of the transferor ... **In sum, for plaintiffs to survive summary judgment on their claims for actual and constructive fraud, they must at the very least be able to prove that [the debtor's] creditors were prejudiced by the asset sale.** (Emphasis added.)

Here, Plaintiff cannot establish the required financial "prejudice." The London Companies paid multiples of their potential allocation of the Peace judgment – even assuming coverage can be established.

## IV. INSURANCE LAW § 3420 DOES NOT ADDRESS HOW TO ALLOCATE DAMAGES

As discussed more fully in the Mineweaser brief, Insurance Law § 3420 does not allocated damages for long term toxic tort claims. Moreover, even if § 3420 is a trigger and allocation statute, and it is not, Plaintiff Peace failed to establish what, if any, "injury [was]

---

[2] The Peace judgment is $1,612,000. Mr. Peace succumbed to asbestos related disease in February 2015. Pl Sept 2015 SOMF ¶¶ 22, 25 [1:15-cv-585-00177-RJA, Doc. No. 42-1]. Assuming arguendo Plaintiff can establish bodily injury from Hedman asbestos products beginning in 1968, as discussed more fully in the Mineweaser brief, the end date for the spread period would be early 2015 implicating 47 policy years. $1,612,000/47 = $34,298 allocation to each policy year. The London Companies' share of the 1976 policy is 5%, and; therefore, their share of the Peace judgment is **$1,714** (i.e., $34,298 x 5% = $1714.) Even assuming arguendo an end to the spread period in 1985, the London Companies share would be $4478 (i.e., $1,612,000/18 x .05 = **$4,478**. Even under Plaintiff's alleged "exposure only" spread period, the Companies share would be $6717 (i.e., $1,612,000/12 x .05 = **$6,717**.)

4

4533637.1

sustained during the life" of the 1976 Policy, as set forth in the statute. Clearly, not all of Mr. Peace's injuries occurred in 1976. Mr. Peace's judgment is based on his injuries related to mesothelioma. See Pl. Sept. 2015 SOMF ¶¶ 21-22 [1:15-cv-585-00177-RJA, Doc. No. 42-1]. He was diagnosed with mesothelioma in October 2013, nearly 36 years after the Companies' policy terminated. (See 1:15-cv-00177 Doc. No. 1-3, p. 24 of 52). Plaintiff only alleges exposure to asbestos in 1976 (without any support) and fails to establish any bodily injury during that year.

Lastly, 3420(a)(2) provides that a judgment creditor may maintain an action against "the insurer under the terms of the policy …". As discussed extensively in the Mineweaser brief, the New York courts have consistently applied an injury in fact trigger and pro rata allocation "under the terms of the [Companies'] policy" and relatedly, have rejected "all sums" allocation, as argued for by Plaintiff Peace.

## V. PLAINTIFF HAS FAILED TO ESTABLISH BODILY INJURY DURING THE COMPANIES' POLICY YEAR.

As discussed above, Plaintiff Peace fails to establish that he suffered bodily injury during the London Companies' 1976 policy year, or during any year at issue. Moreover, as noted, Plaintiff does not even establish, on the record, exposure to Hedman asbestos during the Companies policy period. Accordingly, Plaintiff's cause of action for insurance coverage fails as a matter of law.

## VI. THE COMPANIES' SETTLEMENT PAYMENT TO HEDMAN WAS FOR "FAIR CONSIDERATION"

### A. The Companies' Settlement Payment was for "Fair Value."

At most, Plaintiff may only have the London Companies' settlement agreement "set aside … to the extent necessary to satisfy [her] claim." Debtor and Creditor Law § 278(1)(a). The

5

4533637.1

Court in *In Re Swan-Finch Oil Corp.*, 279 F.Supp. 386, 390-91 (S.D.N.Y. 1967) discussed the limiting nature of § 278(1)(a) stating:

> The language of the statute, prima facia, allows a creditor to act only in his own right. **He is not entitled to judgment setting the conveyance aside completely**, so at to subject any excess to claims of other creditors …. **When the debt of the moving creditor is satisfied, the transfer is valid as to the debtor as well as other persons.**

(Emphasis added.)

Thus, § 278(1)(a) raises the question, what amount is necessary to satisfy Peace's claim against the London Companies, assuming coverage is established? As established, Plaintiff's claim as to the London Companies is potentially between $1,714 and $6,717. Whether the Companies' settlement payment was $100,000 or $100,000,000 is, therefore, irrelevant. The Companies paid Hedman far more than the Companies' share of Plaintiff's debt, assuming coverage is established; and, consequently, the settlement payment is "fair value" as to Plaintiff Peace under §§ 273(a) – 275. See e.g., *Lippe, supra.*, 99 Fed. Appx. 280-282(finding the calculation of "fair value" cannot rely upon the potential liability of future asbestos claimants, because "the hypothetical existence of an unaccrued tort claim does not give rise to a debtor-creditor relationship").

Even more fundamentally, Plaintiff has no cause of action against the London Companies under the fraudulent conveyance statute, because the cash provided to Hedman in settlement far exceeds Plaintiff's debt payable by the Companies. See *Lippe, supra.*, 9 Fed. Appx. at 280-282(holding "[i]n New York, fraudulent-conveyance liability may not attach absent some prejudice to a creditor of the transferor"). See also, *Promenade Nursing Home v. Cohen-Fleisher*, 983 N.Y.S.2d 205 (N.Y. Sup. Ct. Kings County 2013)(holding there was no fraudulent

conveyance where the resulting reverse mortgage provided funds that were "more than adequate" to pay the debt owned to the creditor).

## VII. PLAINTIFF DOES NOT HAVE A CAUSE OF ACTION UNDER NEW YORK DEBTOR AND CREDITOR LAW § 276 (ACTUAL FRAUD)

### A. Plaintiff did not properly plead fraud.

The Companies do not move based on a failure to properly plead fraud with regards to the Peace complaint. The London Companies observe, however, that Debt. Cred. Law § 276 requires proof that the transferor – Hedman – acted with the intent to commit fraud, as opposed to the intent of the transferee - the London Companies. See *Chen v. New Trend Apparel, Inc.*, 8 Supp.3d 406, 438 (S.D.N.Y. 2014). Plaintiff did not sue Hedman and it is not a defendant with regards to § 276. It is difficult to understand how Plaintiff can establish Hedman's intent when it is not a defendant to Plaintiff's Complaint.

Moreover, as discussed in the Mineweaser brief, Hedman has stated that the Companies' settlement payment has been set apart in light of the Companies' indemnity provision. Thus, the fair value that Hedman received in settlement is otherwise available to Plaintiff, assuming he can enforce his judgment under Ontario law.

\*     \*     \*     \*

## THE LONDON COMPANIES' OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT

### I. NEW YORK'S DIRECT ACTION STATUTE DOES NOT VOID THE COMPANIES' SETTLEMENT AGREEMENT

#### A. Insurance Law § 3420 does not void the Companies' settlement regarding future unknown claims.

As stated throughout, the London Companies incorporate by reference their brief filed in the Mineweaser matter. Regarding the Peace law suit, the London Companies observe Peace was not a judgment creditor or even a tort plaintiff at the time of the Companies' settlement

7

4533637.1

agreement. Peace filed his asbestos tort Complaint on October 29, 2013 over one year after the London Companies and Hedman entered into their settlement agreement. (1:15-cv-00177 Doc. No. 1-3, p. 7 of 52).

Thus, the qualifying event – notice of the Peace complaint -- occurred after the Companies' settlement agreement was binding and effective. (In fact, Peace was not even diagnosed with mesothelioma until 21 October 2012, again, over a year after the parties' settlement agreement.) (1:15-cv-00177 Doc. No. 1-3, p. 24 of 52). Mineweaser does not cite to a single case holding that the settlement of a coverage dispute is void under Insurance Law § 3420 where the claim is noticed **a year after** the effective date of the settlement. New York case law is to the contrary. See e.g., *Dedvukaj v. Allstate Ins. Co.*, 175 A.D.2d 1 (1st Dept. 1991), rev'd on other grounds, 80 N.Y.2d 843 (1992)(holding where the unreported accident occurred during the policy period but the tort complaint was filed after the policy was canceled, the cancellation of a general liability policy "was valid even after the occurrence of an insurable accident since the rights of a third party had not been adversely affected"). See also, *Lippe, supra.*, 9 Fed. Appx. at 282 (finding "[u]nder current New York law, a cause of action accrues in a toxic-tort case not on the date of exposure, but rather on 'the date of discovery of the injury by the plaintiff or . . . the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff whichever is earlier'"). (Quoting, N.Y. C.P.L.R. § 214-c.)

## CONCLUSION

Plaintiff still has not established how a $100,000 settlement of an insurance coverage dispute is fraudulent where Plaintiff's best case judgment against the London Companies would be less than $7,000. The London Companies entered into a good faith settlement agreement and provided Hedman with more than enough money to pay the Mineweaser judgment several times over. Under the undisputed facts, there is simply no valid legal basis to void that agreement.

For these and all the foregoing reasons, the London Companies' respectfully request that Plaintiff's cross-motion for summary judgment should be denied.

> GOLDBERG SEGALLA, LLP
>
> BY: /s/ Ronald D. Puhala
> Ronald Puhala, Esq.
> *Attorneys for Defendants Harper Insurance Limited (f/k/a Turegum Insurance Company) and Assicurazioni Generali, SPA*
> 902 Carnegie Center, Suite 100
> Princeton, New Jersey 08540
> Telephone: 609-986-1300
> rpuhala@goldbergsegalla.com

February 9, 2015

9

4533637.1